A like ruling was made in Cline v. State, 43 Tex. 494; Bink v. State, 50 Tex. Cr. R. 445, 98 S. W. 863; Hirshfield v. State, 11 Tex. App. 207; also in De Blanc v. State, 118 Tex. Cr. R. 628, 37 S.W.(2d) 1024, and cases therein collated.

In the present instance the judgment of conviction implies that the check was obtained by false pretext, from which it follows that the prosecution was properly founded upon article 1549, supra, and not upon the statute defining and denouncing swindling, namely, article 1545, P. C. 1925.

Appellant contends that there was a failure to prove his appropriation of the $200 which he had obtained through the representation mentioned above. The alleged injured party, Mrs. Doak, testified that upon the representations made by the appellant she delivered to him a check for $200. She stated that the check was paid and charged to her account by the bank and bore the indorsement of M. C. Haley. The check was paid, as shown by indorsements, on September 24, 1932. She testified that she also delivered another check for $200 to be used as expense money. It was shown that she received at the hands of Mrs. Haley (wife of the appellant) the full amount of $400, which included the amount obtained by appellant under the false pretext and the expense money which was also advanced. The witness was unable to state from what source the money returned to her came further than to say that a check for that amount was handed to her by Mrs. Haley. It appears from the record that the money delivered to Mrs. Doak was paid to her on December 19, 1933, which was after the prosecution had been instituted. The fact that appellant had been instrumental in returning to Mrs. Doak an amount of money equivalent to that which he received from her was in evidence before the jury, but is not a matter upon which this court would be required or authorized to annul the prosecution against the appellant or to reverse the case. At most, it was an effort after the offense had been committed to render the prosecution ineffectual. After indictment and pending prosecution, it is not within the power of the parties to the transaction to abate the prosecution. Such power is vested by law in the district attorney and the judge presiding in court. See article 577, C. C. P.; also Fleming v. State, 28 Tex. App. 234, 12 S. W. 605; State v. Anderson, 119 Tex. 110, 26 S.W. (2d) 174, 69 A. L. R. 233.

The motion for rehearing is overruled.

## HOOPER et al. v. STATE.

## No. 16947.

Court of Criminal Appeals of Texas.

Oct. 17, 1934.

W. Van Sickle, of Alpine, and W. C. Austin, of Fort Worth, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

This is an appeal from a final judgment upon the forfeiture of a bail bond.

There are no briefs filed in this court and it is not made to appear from the record that any were filed by the appellants in the trial court, and no waiver of the filing of such briefs appears from the record. Under such conditions this court is required to dismiss the appeal for want of prosecution. It is the uniform holding of this court that in cases such as this briefs must be filed in the trial court and in this court in compliance with law and the rules governing civil cases, or a waiver of such filing must appear of record. Article 2283, R. C. S. 1925; Article 866, C. C. P. Lewis et al. v. State, 109 Tex. Cr. R. 661, 7 S.W.(2d) 74.

It is therefore ordered that the appeal in this case be and the same is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.